NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**GEORGE HEATH,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2016-1273

---

Petition for review of the Merit Systems Protection Board in No. DA-0752-14-0233-B-1.

---

Decided: April 7, 2016

---

GEORGE HEATH, Wahiawa, HI, pro se.

KARA WESTERCAMP, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., ELIZABETH M. HOSFORD.

---

Before DYK, PLAGER, and TARANTO, *Circuit Judges.*

PER CURIAM.

George Heath petitions for review of a September 30, 2015, decision of the Merit Systems Protection Board ("MSPB" or "Board") affirming the Department of the Army's ("Army") action removing him from federal service effective January 17, 2014. We affirm.

BACKGROUND

George Heath served as an animal health technician at the William Beaumont Army Medical Center ("Medical Center") in Fort Bliss, Texas, from September 2009 to January 2014. Mr. Heath was responsible for serving as a quality control officer, fulfilling the duties of a senior animal health technician, and leading and performing oversight work involving the operation of the animal facility and the care of laboratory animals.

On October 3, 2011, Mr. Heath disclosed alleged violations of procedures and falsification of data by his then supervisor, Major Todd Collins, to the Chairman of the Medical Center's Institutional Animal Care and Use Committee. Mr. Heath alleged that, because he had made these disclosures, Major Collins informed him that he would no longer be allowed to perform supervisory duties. On September 18, 2012, Mr. Heath filed an individual right of action appeal seeking restoration of his supervisory duties, but the administrative judge held that Mr. Heath's disclosures "were part of [his] normal duties and were made through normal channels" and therefore "do not qualify as protected disclosures under the [Whistleblower Protection Act]." Resp't's App'x ("App'x") at 63.

On September 11, 2013, the Board granted Mr. Heath's petition for review and remanded to the administrative judge, because the intervening Whistleblower Protection Enhancement Act clarified that disclosures made in the normal course of one's duties may qualify as protected disclosures. See 5 U.S.C. § 2302(f)(2). On Janu-

ary 27, 2014, the administrative judge found that the Army "failed to show by clear and convincing evidence that, absent any protected disclosures, it would have eliminated [Mr. Heath's] supervisory duties." App'x at 86. The administrative judge granted Mr. Heath's request for corrective action and ordered the Army to, within 20 days, "provide [Mr. Heath] with relief such that he is placed as nearly as possible in the same situation he would have been had the agency not retaliated against him for whistleblowing." App'x at 88.

Meanwhile, Major Collins was promoted and left the Medical Center in June 2012. In April 2012, shortly before Major Collins's departure, Staff Sergeant Prycie Turner ("SSG Turner") joined the Medical Center and became Mr. Heath's new supervisor. On March 15, 2013, SSG Turner proposed Mr. Heath's removal for failure to observe orders, rules, or procedures, and failure to carry out assigned duties. The Army removed Mr. Heath on April 18, 2013, and Mr. Heath appealed to the Board, arguing, *inter alia*, that his removal, like the elimination of his supervisory duties, was retaliation for the alleged whistleblowing that occurred in 2011. On September 12, 2013, an administrative judge rejected Mr. Heath's affirmative defense of retaliation for whistleblowing, but set aside the removal because Mr. Heath was not made aware of or given an opportunity to respond to certain *ex parte* communications made to the deciding official, Colonel Eric Morgan. On October 28, 2013, the Army reinstated Mr. Heath, and simultaneously placed him on paid administrative leave retroactive to April 18, 2013. On the same day, the Army instituted removal proceedings on the same grounds as the first removal.

The proposed removal letter was based on: (1) "Failure to observe orders, rules, or procedures where safety to persons or property is endangered"; (2) "[f]ailure to observe orders, rules, or procedures where safety to persons or property is not endangered"; and (3) "[f]ailure to carry

out assigned duties." App'x at 121. Specifically, Mr. Heath was charged with:

- leaving work early on February 5, 2013, and failing, *inter alia*, to properly clean and disinfect animal cages and related items;

- euthanizing animals on or around February 22, 2013, without observing the experimental protocol or standard operating procedure;

- arriving to work early on March 4, 2013, without notifying a supervisor of his entrance to the building outside of normal duty hours, in violation of standard operating procedure and prior counseling; and

- failing to prepare for a scheduled animal surgery on February 7, 2013.

App'x at 121–22. Because this was Mr. Heath's third instance of formal discipline for misconduct,[1] SSG Turner proposed removal. Mr. Heath was removed for a second time on January 17, 2014,[2] and he once more appealed his removal to the Board, again arguing, among other things,

---

[1] On July 24, 2012, Mr. Heath received a Letter of Reprimand, to be placed in his Official Personnel Folder for 18 months, for "significant documentation inaccuracies and three goats died due to not executing known best practice procedures." App'x at 149. On November 28, 2012, Mr. Heath was suspended without pay for two days for performing surgeries, using the wrong anesthetic agent and without approval, on five mice which later died. *See* App'x at 153, 155.

[2] Because Mr. Heath had been removed on January 17, 2014, the Army did not restore Mr. Heath's supervisory duties in accordance with the Board's January 27, 2014, order.

that he had been removed in retaliation for the alleged 2011 whistleblowing. An administrative judge sustained Mr. Heath's second removal on May 14, 2014. On appeal, however, the Board vacated and remanded, holding that the administrative judge erred in "finding that [Mr. Heath] was barred by the doctrine of collateral estoppel from litigating the facts underlying the agency's charges" that were determined in the first removal action, and held that the administrative judge "must afford the parties the opportunity to further develop the record." App'x at 29–30.

Following additional briefing and a one-day hearing, the administrative judge affirmed Mr. Heath's second removal on September 30, 2015. The administrative judge determined that the Army had proven by preponderant evidence that Mr. Heath had engaged in the charged misconduct and that the penalty of removal was reasonable and promoted the efficiency of service. The administrative judge also held that Mr. Heath had established a prima facie case of reprisal for whistleblowing based on Mr. Heath's prior protected disclosures, and evidence that his supervisor, SSG Turner, and the deciding official for the second removal, Colonel Lisa Lehning, were aware of his whistleblowing. However, the administrative judge found that the Army had established by clear and convincing evidence that it would have taken the same personnel action in the absence of Mr. Heath's disclosures.

Mr. Heath did not file a petition with the Board for review of the initial decision, which became the final decision of the Board on November 4, 2015. Mr. Heath now petitions for review of the final decision. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the decision of the MSPB unless it was (1) arbitrary, capricious, or an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); *Salmon v. Soc. Sec. Admin.*, 663 F.3d 1378, 1380 (Fed. Cir. 2011).

Substantial evidence supports the Board's finding that Mr. Heath violated procedures and failed to perform his duties. In addition to testimony from Mr. Heath's supervisors, the Board found that, "[d]uring his testimony, [Mr. Heath] acknowledged that he did not clean the lab [on February 5, 2013, and] . . . acknowledged . . . that he euthanized the mice at issue in this appeal. . . . [Mr. Heath] acknowledged that he arrived at work early on [March 4, 2013,] and did not contact either [of his supervisors] prior to entering the building." App'x at 38, 39, 41. In addition, at the hearing, "[Mr. Heath] testified that he . . . had not read the [e-mail notifying him about the February 7, 2013 surgery]," confirming that he had failed to prepare for the surgery as charged. App'x at 42.

The Board, in finding that the agency had proven by clear and convincing evidence that Mr. Heath would have been removed absent the whistleblowing, is supported by the record. In determining whether the agency would have removed Mr. Heath absent his prior protected disclosures, the Board properly considered "[1] the strength of the agency's evidence in support of its personnel action; [2] the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and [3] any evidence that the agency takes similar actions against employees who are not whistleblowers but who are otherwise similarly situated." *Whitmore v. Dep't of Labor*, 680 F.3d 1353, 1365 (Fed. Cir. 2012) (internal quotation marks and citation omitted).

As to the first factor, the Board found that "the agency has proven all of the charges it brought against [Mr. Heath] in this removal action." App'x at 46. As to the second, the Board found that there was no motive on the part of SSG Turner or the deciding official, Colonel Lehning, to retaliate against Mr. Heath by removing him. SSG Turner arrived after Mr. Heath's protected disclosures, and just months before Major Collins's departure. SSG Turner declared that "Mr. Heath's opinions of Major Collins . . . had nothing to do with my decisions to propose Mr. Heath's removal from federal service in 2013. . . . An investigation that I was not involved in was ending when I arrived . . . . I don't know what that was about and it was not used, considered, or a factor in my decisions to propose Mr. Heath's removal." App'x at 165. Colonel Lehning was not even at the Medical Center when Major Collins was there, and similarly declared that "[Mr. Heath's] general and conclusory comments about whistle-blowing were not related to the charges in his proposed removal and they were not a factor in my removal decision. Mr. Heath was removed solely because of his misconduct." App'x at 168.

In considering the third factor, the Board noted that another technician who worked in the lab "received a written counseling from [SSG] Turner for his failure to properly perform his duties on February 5, 2013. However, I find that [the technician] is not similarly situated to [Mr. Heath] in light of the fact that he is in the military and not a civilian employee." App'x at 47 n.6. The record additionally shows that Mr. Heath was the senior technician, and Mr. Heath testified that "as the quality control officer, he is responsible for ensuring that the facility was clean." App'x at 38. The Board did not err in concluding that the Army had shown by clear and convincing evidence that it would have removed Mr. Heath absent his disclosures.

We have considered Mr. Heath's other arguments and find them without merit.

**AFFIRMED**

Costs

No costs.